# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE

ALAN MARTINEZ AMADOR,

    Plaintiff,

v.

SANTANDER CONSUMER USA,
INC. and TRANS UNION, LLC,

    Defendants.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Alan Martinez Amador ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendants Santander Consumer USA, Inc. ("Santander") and Trans Union, LLC ("Trans Union") as follows:

## INTRODUCTION

1.      This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2.      Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to apply for an auto loan with Defendant Santander with partial account number 5409 ("Account") for approximately $61,218.63 to purchase a 2024 BMW vehicle

("Vehicle") in Plaintiff's name and without knowledge and consent. Defendant Santander owns the Account. Defendant Santander reported the Account to Defendant Trans Union, a consumer reporting agency, to be included on Plaintiff's Trans Union credit file.

3.     Plaintiff is a "consumer" and Defendant Santander is a furnisher of information as those terms are defined or used by the FCRA. Defendant Trans Union is a consumer reporting agency under the FCRA.

4.     As set forth below, the fraudster opened the Account in Plaintiff's name and Defendant Santander thereafter reported the Account to Defendant Trans Union under Plaintiff's name to be included in his Trans Union credit file and consumer reports. Defendants' reporting of the Account was inaccurate.

5.     When Plaintiff learned that Defendant Santander was reporting the Account on his Trans Union credit file, he made disputes directly with Defendant Santander on at least five occasions and advised Defendant Santander that he did not open the Account and that it was the result of fraud ("Direct Disputes"). Plaintiff also disputed the inaccurate Account with Defendant Trans Union ("Indirect Disputes") and advised Defendant Trans Union that the Account was inaccurate. Defendant Trans Union, upon information and belief, transmitted Plaintiff's Disputes to Defendant Santander and Defendant Santander received them from Defendant Trans Union. Defendant Santander failed to conduct a reasonable

2

investigation of Plaintiff's Indirect Disputes and verified the Account as accurate to Defendant Trans Union when, in fact, such reporting was inaccurate. Defendant Santander also directed Defendant Trans Union to reinsert the Account back into Plaintiff's Trans Union credit file after Defendant Trans Union had deleted it upon receipt of a dispute from Plaintiff. Defendant Santander also verified the Account as accurate to another credit reporting agency, Experian, in response to Plaintiff's dispute with Experian.

6. Defendants' actions, and inactions, described herein violated the FCRA.

7. As set forth below, Plaintiff suffered concrete harm as a result of Defendants' violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

8. At all times material to this action, Plaintiff was a resident of Florida and this District.

9. At all times material to this action, Defendant Santander was a foreign corporation doing business in Florida and this District. Defendant Santander is registered to do business in this District.

10. Defendant Santander may be served with a copy of this Complaint and accompanying Summons through its registered agent, to wit: CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

3

11. At all times relevant to this action, Defendant Trans Union was a foreign limited liability company. Defendant Trans Union does business in this District and Division.

12. Defendant Trans Union may be served with a copy of this Complaint and accompanying Summons through its registered agent, to wit: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

13. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

14. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

15. Defendants do business in this District and are subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

16. Plaintiff lives and works in this District. He is an individual and a consumer under the FCRA.

17. Upon information and belief, Plaintiff's PII was stolen and used by a third party to apply for the Account and purchase the Vehicle. The Account was opened at a car dealership where Plaintiff has never been. Plaintiff did not purchase the Vehicle. Plaintiff did not open the Account. He does not know who did.

18.     Plaintiff did not receive any benefit from the Account.

19.     Plaintiff did not live at the address used to open the Account.

20.     A fraudster applied for the Account in Plaintiff's name.

21.     Apparently, the fraudster that Defendant Santander permitted to open the Account did not pay the Account and Defendant charged it off.

22.     Defendant Santander reported the delinquent Account to the credit bureaus including Defendant Trans Union and Experian.

23.     The Account was inaccurate.  Plaintiff did not owe the Account.  The Account was the result of fraud.  Defendant Santander received at least four Direct Disputes from Plaintiff.  Defendant Santander also received a dispute Plaintiff made with the Consumer Financial Protection Division ("CFPB").  Defendant Santander did not cease reporting the Account to the credit bureaus as a result of Plaintiff's Direct Disputes.  Defendant did not cease reporting the Account to Defendant Trans Union or Experian as a result of Plaintiff's CFPB dispute.

24.     In 2025, Plaintiff repeatedly made his Indirect Disputes of the Account with the credit bureaus, including Trans Union. Defendant Santander received the Indirect Disputes.  At least one of the Indirect Disputes included a police report wherein Plaintiff had filed a police report about the fraudulent Account.  At least one of the Indirect Disputes included an FTC fraud affidavit wherein Plaintiff had reported to the FTC that the Account was the result of fraud.

25. Defendant Santander received the police report and FTC fraud affidavit.

26. Defendant Santander did not cease reporting the Account to the credit bureaus, including Trans Union and Experian, when it received the police report and FTC fraud affidavit.

27. Defendant Santander received Plaintiff's Disputes and Indirect Disputes including the identity theft report and other supporting documents.

28. Defendant Santander verified to Experian that it was accurately reporting the Account. Defendant Santander also directed Equifax and Defendant Trans Union to reinsert the Account into Plaintiff's credit files with those companies when they had deleted it.

29. Defendant failed to conduct a reasonable investigation of Plaintiff's Indirect Disputes to the credit bureaus and its conduct violated the FCRA.

30. As a result of Defendants' violations of the FCRA, Plaintiff has suffered, and continues to suffer, emotional distress from having an inaccurate credit file that Defendants refuse to properly reinvestigate; his wasted time and effort to review his credit files for inaccuracies; his time and effort to make his Indirect Disputes that Defendants failed to properly investigate; lowered credit score; credit denials; and other damages to be shown at trial.

31.     As a result of Defendant's violations described above, Plaintiff was required to retain legal counsel to assist him.

## COUNT ONE:
### Defendant's Negligent Violations of the FCRA - Santander

32.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

33.     Defendant Santander negligently violated the FCRA in failed to meet its investigation obligations with respect to Plaintiff's Indirect Disputes in violation of 15 U.S.C. § 1681s-2(b).

34.     As a result of Defendant Santander's violations of the FCRA, Plaintiff has been damaged as set forth above.

35.     Pursuant to 15 U.S.C. § 1681o, Defendant Santander is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the Court.

36.     Pursuant to 15 U.S.C. § 1681o, Defendant Santander is liable to Plaintiff for his reasonable attorneys' fees and costs.

## COUNT TWO:
### Defendant's Willful Violations of the FCRA - Santander

37.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

38. Defendant Santander willfully violated the FCRA by failing to meet its reinvestigation obligations with respect to Plaintiff's  Disputes in violation of 15 U.S.C. § 1681s-2(b).

39. As a result of Defendant Santander's willful violations of the FCRA, Plaintiff has been damaged as set forth above.

40. Pursuant to 15 U.S.C. § 1681n, Defendant Santander is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the jury.

41. Pursuant to 15 U.S.C. § 1681n, Defendant Santander is liable to Plaintiff for statutory and punitive damages as a result of its willful violations of the FCRA.

42. Pursuant to 15 U.S.C. § 1681n, Defendant Santander is liable to Plaintiff for his reasonable attorneys' fees and costs.

## COUNT THREE:
### Defendant's Negligent Violations of the FCRA – Trans Union

43. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

44. Defendant Trans Union negligently violated the FCRA by failing to meet its investigation obligations with respect to Plaintiff's Indirect Disputes with Trans Union in violation of 15 U.S.C. § 1681i(a), including an improper reinsertion of the Account after deletion.

8

45.     As a result of Defendant Trans Union's violations of the FCRA, Plaintiff has been damaged as set forth above.

46.     Pursuant to 15 U.S.C. § 1681o, Defendant Trans Union is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the Court.

47.     Pursuant to 15 U.S.C. § 1681o, Defendant Trans Union is liable to Plaintiff for his reasonable attorneys' fees and costs.

## COUNT FOUR:
### Defendant's Willful Violations of the FCRA – Trans Union

48.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

49.     Defendant TransUnion willfully violated the FCRA by failing to meet its reinvestigation obligations with respect to Plaintiff's Indirect Disputes with Trans Union in violation of 15 U.S.C. § 1681i(a), including an improper reinsertion of the Account after deletion.

50.     As a result of Defendant Trans Union's willful violations of the FCRA, Plaintiff has been damaged as set forth above.

51.     Pursuant to 15 U.S.C. § 1681n, Defendant Trans Union is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the jury.

52.     Pursuant to 15 U.S.C. § 1681n, Defendant Trans Union is liable to Plaintiff for statutory and punitive damages as a result of its willful violations of the FCRA.

53.     Pursuant to 15 U.S.C. § 1681n, Defendant Trans Union is liable to Plaintiff for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendants for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, under the FCRA and all other relief deemed just, equitable, and proper by the Court.

**TRIAL BY JURY IS DEMANDED.**

Dated: July 2, 2026.                    Respectfully submitted,

_/s/ Robert W. Murphy_
Robert W. Murphy
Florida Bar No.:
440 Premier Circle, Suite 240
Charlottesville, VA 22901
T: (434)328-3100 / (954)763-8660
F: (434)328-3101 / (954)763-8607
rwmurphy@lawfirmmurphy.com

John A. Love
Florida Bar No. 67224
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com

10

*Counsel for Plaintiff*